IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD WAYNE COOLEY,

    Petitioner,               No. CIV S-05-0870 FCD DAD P

    vs.

ROSANNE CAMPBELL, et al.,

    Respondents.        ORDER
_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus challenging a judgment of conviction entered by the Sacramento County Superior Court on May 30, 2003. The petition has been fully briefed and is submitted for decision. Before the court is petitioner's motion for stay and abeyance.

        Petitioner's submitted petition alleges the following grounds for relief: (1) the admission of evidence of petitioner's propensity to commit sex offenses violated petitioner's rights to due process and equal protection or, in the alternative, the trial court abused its discretion by failing to exclude such evidence; (2) the trial court's instructions on the use of propensity evidence violated petitioner's right to due process; (3) the trial court abused its discretion by denying petitioner's motion for substitution of counsel; (4) the trial court abused its discretion and violated petitioner's right to due process by failing to declare a doubt as to

1

petitioner's mental competency when petitioner was on suicide watch during trial; and (5) petitioner's sentence must be vacated pursuant to Blakely v. Washington.  Respondents filed their answer to these claims on November 4, 2005, and lodged the state court records on November 21, 2005.  Petitioner filed his traverse on February 2, 2006.

Petitioner moves for stay and abeyance in order to exhaust "further grounds discovered after filing the original habeas corpus petition and respondent's answer." (Pet'r's Mot. for Stay & Abeyance at 1.)  Petitioner cites the likelihood that he will be "time and or procedurally barred" from raising additional grounds for relief if the stay and abeyance procedure is not granted in this case.  Petitioner argues that the state will not be disadvantaged and will not be prevented from advancing any defense, while he, on the other hand, will most likely be permanently barred from raising his new claims after this action is resolved.  Petitioner concludes with the statement that he wishes to return to state court to exhaust the following claims:  (1) the evidence was insufficient to sustain his convictions in counts 1 through 6; (2) the prosecutor committed misconduct; and (3) "cumulative error was pervasive," denying him his Sixth Amendment right to a fair trial.

In Rhines v. Weber, the Supreme Court affirmed the district court's discretion to stay a federal habeas proceeding to allow the petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition.  Rhines v. Weber, 544 U.S. 269, ___, 125 S. Ct. 1528, 1534-35 (2005).  See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) (recognizing the district court's authority to allow a petitioner to amend a mixed petition to delete unexhausted claims and hold the fully exhausted petition in abeyance).  The Supreme Court cautioned that "stay and abeyance should be available only in limited circumstances" and "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first

in state court." 125 S. Ct. at 1535.  Even where good cause is shown, the district court should not grant a stay if the new claims are plainly meritless.  Id.  Federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims.  Id.

      Petitioner's pending motion is vague and conclusory.  The court is unable to determine whether petitioner had good cause for failing to discover and exhaust all claims before he filed this action.  Petitioner's mere listing of three new claims is insufficient to demonstrate that the unexhausted claims are potentially meritorious, and petitioner has not offered a declaration under penalty of perjury in which he states facts showing that he acted with diligence in discovering and pursuing the new claims.  See Taylor, 134 F.3d at 987 nn. 8 & 11 (failure to make a showing of diligence in pursuing additional claims may foreclose a stay).  Nor has petitioner shown that the new claims will not be barred by the statute of limitations if presented to the federal court at this late date, almost three years after petitioner's judgement of conviction was entered.  See Mayle v. Felix, ___ U.S. ___, 125 S. Ct. 2562 (2005).  For these reasons, petitioner's defective motion will be denied.

      Petitioner will be granted thirty days to file and serve a new motion for stay and abeyance.  In his renewed motion, petitioner must show good cause for his failure to discover and exhaust each of his new claims prior to filing this action.  Petitioner must identify each new claim fully and set forth supporting facts that demonstrate the potential merit of each claim.  Petitioner must state with specificity when and how he discovered each new claim.  Petitioner must describe the current status of state court proceedings on the unexhausted claims or explain why he has not already filed a habeas petition in the California Supreme Court.  Petitioner must provide a declaration under penalty of perjury in which he demonstrates that he has acted with diligence in pursuing his new claims.  Finally, petitioner must demonstrate that the new claims will not be barred by the statute of limitations.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's February 2, 2006 motion for stay and abeyance is denied without prejudice;

2. Petitioner is granted thirty days to file and serve a new motion for stay and abeyance that makes the showing described in this order;

3. Respondents' opposition or statement of non-opposition to petitioner's renewed motion shall be filed and served within thirty days after petitioner's motion is placed in the mail to respondents' counsel; and

4. Petitioner's reply to any opposition shall be filed and served within twenty days after the opposition is served.

DATED: April 19, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
cool0870.mstay